## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONETTA RAYMOND, FREDERICK HESTON, JILUN SHA, RANDY WILLIAMS, WILLIAM SCOTT DENNY, DEBRA HATCHER, BRIAN MARKS, RUSSELL BALLARD, GREGORY BUCCHIN, BRUCE ENSOR, FORREST FARIS, CHERYL RENEE GARDNER, CLARK T. HARBAUGH, CRAIG HOOBLER, BRIAN SCOTT JACKSON, WILLIAM KOCH, FRED LONGAN, DAVID B. MILLER, KENNETH L. POOLE, JR., BAHRAM RAHBAR, RUSSELL SPRAGUE, CRAIG TOLSON, ROBERT TROILO and CURTIS J. VINES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 16-1282-JTM-GEB ) |
| SPIRIT AEROSYSTEMS HOLDINGS, INC. and SPIRIT AEROSYSTEMS, INC., | ) ) ) |
| Defendants. | ) ) ) |

### AMENDED PHASE I PROTECTIVE ORDER

The parties agree that during Phase I discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties also agree to treat certain information alleged by defendants to be Highly Confidential as such for Phase I only and to revisit

1

this issue in Phase II. Until further Order of the Court in Phase II, documents designated as Highly Confidential in Phase I shall retain that designation and shall be subject to the protections of this Order. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because this is an employment law action brought under the Age Discrimination in Employment Act, the Americans With Disabilities Act, and the Family and Medical Leave Act. Some of the documents and electronically stored information (ESI) which may be produced in this case may contain confidential employment, personal (e.g., date of birth), medical, and/or financial information regarding plaintiffs, and/or confidential employment, personal, medical and/or financial information regarding current and/or former employees of Spirit AeroSystems, Inc.

The parties also agree to treat certain categories of information that defendants allege to be highly confidential information as such for Phase I only. In particular, defendants allege that such information involves "proprietary" and/or "commercially sensitive" and/or "highly confidential strategic" information. The parties also acknowledge that in the course of discovery, Plaintiffs may inadvertently seek to discover non-public information that is considered protected by trade secret law. Defendants assert that dissemination of information in the categories described above (and in the categories listed below in section 3) to anyone other than those involved in

2

prosecuting or defending this action is likely to cause commercial harm and competitive disadvantage to the party producing such information.   Plaintiffs do not challenge for now, but rather reserve until Phase II of this litigation, their right to challenge this assertion. The terms of this Order do not have presumptive validity for Phase II, but Spirit reserves the right to argue that the Phase I Order has worked well and should be largely carried over to Phase II.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

1.    **Scope.**  All documents and materials produced in the course of discovery of this case through Phase I of this litigation, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Protective Order for Phase I of this litigation, as set forth below.  Defendants have represented that there are approximately 100-150 documents being produced in Phase I of this litigation containing Highly Confidential information. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.    **Definition of Confidential Information.**    As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or

3

nonparties. For purposes of this Order, the parties will limit their designation of

"Confidential Information" to the following categories of information or documents:

- Personally Identifiable Information consisting of social security numbers, bank or other financial account information, and date of birth;

- Other personally identifiable information contained in the following documents:

  o Personnel files and other employment files relating to defendants' employees' performance, discipline, or other matters where the employee may have an expectation of privacy;

  o Medical records and/or health-care cost records;

  o Investigation documents;

  o Tax returns and other financial records;

  o Work restriction or reasonable accommodation records;

  o FMLA or leave of absence records; and

  o Confidential human resources and business records, including communications;

- Documents submitted to the EEOC and designated as confidential; and

- Records whose disclosure is restricted or prohibited by statute.

The parties agree that Social Security numbers and financial or other bank account

information contained in documents or ESI to be produced will be redacted or masked.[1]

---

[1] The parties have not been able to reach agreement about the terms of a protective order with respect to non-party employees', former employees', and their dependents' medical information, date-of-birth, and other issues, as set forth in the prior briefs on the cross motions for a protective order. But, because at this time the parties do not believe that documents with this type of information will need to be produced during Phase I

Information or documents that are available to the public may not be designated as Confidential Information.

**3.     Highly Confidential Information.** As a subset of Confidential Information, a party shall have the right to designate information that it produces as "Highly Confidential" if it reasonably and in good faith believes that such information could be especially detrimental or harmful to the producing party if disclosed to non-counsel (with the exceptions to this exclusion enumerated below). For purposes of this Order, the parties will limit their designation of "Highly Confidential – For Attorneys' Eyes Only" to the following categories[2] of information that Defendants assert to be:

- highly confidential, proprietary business information, including but not limited to, sensitive competitive information, non-public financial information, confidential research and development information, Defendants' product programs, customer information, and other confidential information relating to Defendants' scope of work;

- highly confidential information relating to Defendants' facilities in Prestwick, UK, Saint-Nazaiire, France, and Subang, Malaysia;

---

discovery (the enforceability of the ADEA release), the parties are not going to ask the Court to decide those issues now, but reserve the right to do so at any time when these issues actually present themselves in the case. Thus, when this case moves into Phase II discovery, or if it turns out that such documents are responsive to legitimate document production requests within the scope of Phase I, the parties will revisit these issues, and, if they still cannot agree, file their reply briefs and ask the court to rule on any unresolved issues at that time.

[2] Plaintiffs do not object to applying these categories in Phase I, but reserve the right to object to them, including on grounds of overbreadth, in Phase II.

- highly confidential sensitive information relating to collective bargaining negotiations or internal discussions relating to Defendants' relationship with the Unions; and

- information or documents that are available to the public may not be designated as Highly Confidential Information.

4.    **Form and Timing of Designation.**    The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document. The producing party may designate documents as containing Highly Confidential Information by marking or placing the words "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" on the document. Collectively, such designations will be referred to as "the marking." The marking will be placed on the document and on all copies in a manner that will not interfere with the legibility of the document.  The parties agree to treat any text files associated with a document marked CONFIDENTIAL or HIGHLY CONFIDENTIAL in the same manner as the image of the text files. In the event a party produces a file in native format, the parties will produce an image of the document or a slip sheet with the CONFIDENTIAL or HIGHLY CONFIDENTIAL marking or mark it in another manner agreed to by the parties. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential or Highly Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not

mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as Confidential or Highly Confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential or Highly Confidential Information as defined in this Order.

5.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential or Highly Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 60 days after discovery of the inadvertent failure.

6.      **Depositions**. Deposition testimony will be deemed Confidential or Highly Confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript based on discussion during the deposition of Confidential or Highly Confidential information contained in documents previously designated as containing Confidential or Highly Confidential information. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**7.      Protection of Confidential or Highly Confidential Material.**

      **(a)      General Protections.**      Designated Confidential or Highly Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

      **(b)      Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

      (1)      The parties to this litigation, including any employees, agents, and representatives of the parties;

      (2)      Counsel for the parties and employees and agents of counsel;

      (3)      The court and court personnel, including any special master appointed by the court, and members of the jury;

      (4)      Court reporters, recorders, and videographers engaged for depositions;

      (5)      Any mediator appointed by the court or jointly selected by the parties;

      (6)      Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

      (7)      Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A, and provided that such witnesses will not retain copies of confidential documents;

      (8)      The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)   Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)    Who May View Designated Highly Confidential Information.**

Designated Highly Confidential Information may only be disclosed to the following persons:

(1)    The Court and court personnel, including any special master appointed by the court, and members of the jury;

(2)    Counsel of record and paraprofessionals, stenographic or clerical employees assisting counsel or record in the preparation of this action for hearing and/or trial;

(3)    Mindy McPheeters (in-house counsel for Spirit).

(4)    Court reporters, recorders, and videographers engaged for depositions;

(5)    Any expert witness, outside consultant, or investigator, and their staff, retained by the Parties in connection with this action who have executed a copy of the form attached hereto as Attachment A; and

(6)    Any sender or recipient of any document containing such information;

(7)    Any agent or employee of Spirit deposed in Phase I of this action;

(8)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(9)     Other persons only upon consent of the producing party, so long as the producing party reasonably and in good faith believes that such information could be especially detrimental or harmful to the producing party if disclosed to non-counsel (with the exceptions to this exclusion enumerate above); or

(10)    Other persons by Order of the Court.

(d)     **Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential or Highly Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

(e)     **Documents Containing Complete Dates of Birth.** Any person in categories 7(b)(1) or (7) who is shown Confidential Information consisting of a document or ESI containing an individual's complete date of birth (i.e. month, day & year) shall not be permitted to retain possession of such document or ESI or make any notes of others' complete dates of birth. The restriction provided by this subparagraph (e) does not apply

if a party has redacted the complete date of birth from the document or ESI and substituted in its place the year of birth or an age calculation.

8.      **Filing of Confidential or Highly Confidential Information.**  In the event a party seeks to file any document (or portion thereof) containing Confidential or Highly Confidential information subject to protection under this Order with the court, that party must take appropriate action to insure that the document (or portion thereof) receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.  Pro hac vice attorneys must obtain sealed documents from local counsel.

9.      **Challenges to a Confidential or Highly Confidential Designation.**  The designation of any material or document as Confidential or Highly Confidential Information is subject to challenge by any party.  To limit the need for challenges to a Highly Confidential designation, the Parties have agreed that Defendants will supply

11

Plaintiffs, within ten working days of the entry of this Order, a copy of all documents Defendants assert contain Highly Confidential information and which are discoverable in Phase I of this litigation.  Defendants have further agreed to identify by colored markings all information contained in these documents that is alleged to be Highly Confidential.

Before filing any motion or objection to a Confidential or Highly Confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party that elects to challenge a Confidential or Highly Confidential designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of proving the necessity of a confidentiality or Highly Confidential designation remains with the party asserting confidentiality.  Until the court rules on the challenge, all parties must continue to treat the materials as Confidential or Highly Confidential information under the terms of this Order.

**10.    Use of Confidential or Highly Confidential Documents or Information at a Hearing Concerning Phase I Issues.** Nothing in this Order will be construed to affect the use of any document, material, or information at any Phase I hearing.  A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential Information at a hearing must bring that issue to the attention of the court and the other parties without disclosing the Confidential or Highly Confidential Information.  The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing.

**11.    Obligations on Conclusion of Litigation.[3]**

       **(a)    Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

       **(b)    Return of Confidential and Highly Confidential Documents.** Within 90 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential or Highly Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return;[4] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. The producing party agrees to maintain confidential documents for a period of five years after the conclusion of the litigation.

---

[3] Since this Order only applies to Phase I of this litigation, this entire section is subject to whatever agreement the Parties reach, and whatever Order the Court may enter based on any such agreement, regarding Phase II of this litigation.

[4] The parties may choose to agree that the receiving party must destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party must not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

(c)    **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential or Highly Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential or Highly Confidential Information. In addition, the receiving attorney explicitly agrees that he or she will not use Confidential or Highly Confidential Information in any separate or concurrent litigation against the producing party, unless the same Confidential or Highly Confidential Information was produced in separate or concurrent litigation.

12.    **Order Subject to Modification.**  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.   The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.  At the appropriate time, the Parties will meet and confer to endeavor to reach agreement on terms of a modified Phase II Protective Order.

13.    **No Prior Judicial Determination.**    This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential or Highly Confidential Information by counsel or the parties is entitled to protection under Fed. R.

14

Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.   Nor shall this Order be construed as an agreement by Plaintiffs that the information alleged to be Highly Confidential by Defendants warrants such special protection, to which Plaintiffs do not object for purposes of Phase I only.

14.    **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

15.    **Jurisdiction.**  The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case.  But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

16.    **Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit in Phase I of this litigation**,** they must not be given access to any Confidential or Highly Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

17.    **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential or allegedly Highly Confidential Information produced in Phase I of this case by third parties, if timely requested by the third party.

18.    **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Highly Confidential Information, the receiving party must so

15

notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**19.    Inadvertent Disclosure of Confidential or Highly Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential or Highly Confidential

16

Information under the Protective Order, will not be deemed to waive a party's claim to its

privileged or protected nature or estop that party or the privilege holder from designating

the information or document as attorney-client privileged or subject to the work product

doctrine at a later date.   If the receiving party discovers that the Producing Party

inadvertently produced materials, documents, things, or information, including ESI,

subject to confidentiality restrictions, the attorney-client privilege, or work-product

immunity, the receiving party is obligated to inform the Producing Party of such

inadvertent disclosure even if the Producing Party was not aware of the disclosure and

shall promptly return the privileged material to counsel for the Producing Party without

review or copying and it shall not be used in discovery or at trial for any purpose. The

provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the

Federal Rules of Evidence.

**IT IS SO ORDERED.**


Dated:   11/7/17                              s/ Gwynne E. Birzer

**Gwynne E. Birzer**
**United States Magistrate Judge**

**ATTACHMENT A**

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, **Donetta Raymond, et al. v. Spirit AeroSystems Holdings, Inc., et al.**, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____    _____
                            Signature

18