IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONETTA RAYMOND, *et al.*,

      Plaintiffs,

v.   Case No. 16-1282-JWB

SPIRIT AEROSYSTEMS HOLDINGS,
INC., *et al.*,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiffs' Motion for Leave to File Under Seal (Doc. 365) and Defendants' Motion for Leave to File Under Seal (Doc. 367). According to Plaintiffs – who argue the exhibits should not be sealed - Defendants have designated the exhibits in question as "confidential" or "highly confidential." (Doc. 365 at 2).

The standard governing sealing court records was summarized by Judge Lungstrum in *New Jersey and its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, *1 (D. Kan. Dec. 17, 2010):

> Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir.2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.* Without question, documents submitted by parties for the court's consideration in connection with a summary judgment motion constitute "judicial records" to which a strong presumption of public access attaches. [cite omitted]

The confidential nature of the exhibits attached to Plaintiffs' motion (Docs. 365-3 through 365-6) is not apparent. As Judge Lungstrum noted, the "fact that the exhibits are 'confidential' within the meaning of the parties' protective order has no bearing on whether those exhibits should

be sealed in the record." *Id*. at *2. Absent a showing of some significant interest, the court cannot grant the motion to seal these exhibits. The court will accordingly hold Plaintiffs' motion (Doc. 365) in abeyance and give Defendant 7 days to file a sealed response showing that a specified interest concerning the exhibits outweighs the public's interest in access to judicial records. If no such showing is made, the court will order that the exhibits be filed without seal.

As for Defendants' Motion for Leave to Seal (Doc. 367), Defendants have made a showing that the confidential nature of information pertaining to non-party employees should be sealed at this point. The court therefore grants Defendants' motion to seal Exhibits HH-1 and 94-1. As to Defendants' remaining exhibits, Defendants have not adequately explained why bits of metadata (*e.g.*. file paths) or Defendants' reduction-in-force policies and practices (policies at issue in this case) are justifiably sealed in view of the strong presumption of public access to judicial records. With respect to these remaining exhibits, the court will likewise hold the motion in abeyance for 7 days to give Defendants an opportunity to explain the justification for sealing them and, absent such a showing, will order that they be filed without seal.

**IT IS SO ORDERED** this 9th day of May, 2018.

                                               ___s/ John W. Broomes_____
                                               JOHN W. BROOMES
                                               UNITED STATES DISTRICT JUDGE