IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONETTA RAYMOND, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 16-1282-JWB-GEB |
| | ) |
| SPIRIT AEROSYSTEMS HOLDINGS, INC. and SPIRIT AEROSYSTEMS, INC., | ) ) |
| | ) |
| Defendants. | ) ) |

**STIPULATION AND JOINT MOTION REGARDING CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND APPROVAL OF *HOFFMAN-LAROCHE* NOTICE ON FAILURE TO RE-HIRE CLAIM**

Plaintiff Donetta Raymond and the other named Plaintiffs and opt-in Plaintiffs ("Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants Spirit AeroSystems, Inc. and Spirit AeroSystems Holdings, Inc. ("Spirit") (collectively the "Parties"), hereby jointly move as follows:

1. The named Plaintiffs brought this case as a collective action alleging age discrimination against Spirit in violation of the ADEA, which Spirit denies. To efficiently manage the failure to re-hire claims in this case, the Parties have reached the following agreements.

2. The Parties have agreed that this case may be conditionally certified as a collective action under 29 U.S.C. § 216(b) with respect to Plaintiffs' failure to re-hire claims. The Parties have agreed that counsel for Plaintiffs will send Court-authorized notice to individuals other than the named Plaintiffs, or those who have already opted in to this case, who potentially could fall within the Plaintiffs' proposed collective definition below:

All individuals who were:

**(1)** terminated from employment with Spirit in Wichita, Kansas on or about July 25, 2013;

**(2)** 40 years of age or older when they were terminated;

**(3)** skilled and experienced aerospace workers represented by the Society of Professional Engineering Employees in Aerospace ("SPEEA");

**(4)** solid or better performers for Spirit; and

**(5)** applied for but were denied reemployment by Spirit despite being qualified for the position(s) for which they applied, AND/OR were deterred from applying for reemployment by what they considered reliable information that caused them to conclude that Spirit would not rehire them or other former employees terminated on or about July 25, 2013;

3. Spirit does not admit, and expressly reserves the right to contest, that Plaintiffs, any or all opt-in Plaintiffs, and/or any or all individuals receiving this notice: (1) were "skilled and experienced aerospace workers;" (2) were "solid or better performers for Spirt;" and/or (3) "applied for but were denied reemployment by Spirit despite being qualified for the position(s) for which they applied, AND/OR were deterred from applying for reemployment by what they considered reliable information that caused them to conclude that Spirit would not rehire them or other former employees terminated on or about July 25, 2013."

4. Spirit does not admit, and expressly reserves the right to later contest, that the named Plaintiffs, any or all opt-in Plaintiffs, and/or any or all individuals receiving this notice are "similarly situated" under applicable law or may otherwise proceed in a collective, joint, consolidated, or other group fashion, and expressly reserves its right to move to decertify the collective at a later date. Further, Spirit denies that any of Plaintiffs' claims have merit and expressly reserves any and all defenses it has to Plaintiffs' claims and those of any individual who opts in to this action.

5. The Parties have conferred and reached agreement regarding the form of notice and the consent form to be filed. Attached hereto as Exhibit "1" is the Notice of Right to Join Lawsuit

and the Consent Form. The Parties agree that these documents are timely, accurate, and informative.

6. The Parties stipulate that Randall K. Rathbun of Depew Gillen Rathbun & McInteer, LC, Diane S. King and Jennifer W. Bezoza of King & Greisen, LLP, and Daniel B. Kohrman, Laurie A. McCann, and Dara S. Smith of the AARP Foundation shall serve as counsel for Plaintiffs, including the putative collective action of individuals with ADEA rehire claims.

7. The Parties stipulate that within 14 days of the Court approving this stipulation by signing below, Plaintiffs' counsel will mail a copy of the agreed Notice of Right to Join Lawsuit and agreed Consent Form via first class mail to all individuals who: (1) were terminated from employment with Spirit in Wichita, Kansas on or about July 25, 2013; (2) were 40 years of age or older when they were terminated; (3) were represented by SPEEA at the time of termination; and (4) have not already opted into this case. Within 5 business days of the Court approving this stipulation by signing below, Spirit will provide Plaintiffs' Counsel with the names and the last known addresses for all individuals who meet the four criteria in this paragraph.

8. The opt-in period shall be 90 days from the date that the notices are mailed. The parties agree that the notice constitutes the primary means of communication with potential Opt-in Plaintiffs during the notice period. For this reason, Plaintiffs' counsel and their agents may not initiate communication of any type with any of the individuals to whom the notice is being sent for any reason other than to confirm an address (if the notice is returned as undeliverable or there is reason to believe the Parties do not possess the most current address for the individual) or to follow-up with the limited number of individuals who have previously expressed an interest in opting into the collective to Plaintiffs' counsel. Plaintiffs' counsel may call those individuals who have previously expressed an interest in opting into the case for the limited purpose of confirming

that they have received the notice and are aware of the deadline for opting in, provided that Plaintiffs' counsel state only what is contained in the agreed upon script attached as Exhibit "2". Notwithstanding any of the above, Plaintiffs' counsel may respond to questions or inquiries from any of the individuals to whom this Notice is being sent who contact them.

DATED: March 27, 2019

Respectfully submitted,

*s/ James M. Armstrong*
James M. Armstrong, KS #09271
Boyd A. Byers, KS #16253
Teresa L. Shulda, KS #23425
Charles E. McClellan, KS #23692
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
316-291-9735
(866) 347-5160 (fax)
jarmstrong@foulston.com
bbyers@foulston.com
tshulda@foulston.com
CMcClellan@foulston.com
*Attorneys for Defendants*

and

*s/ Randall K. Rathbun*
Randall K. Rathbun #09765
DEPEW GILLEN RATHBUN & MCINTEER LC
8301 East 21st Street North, Suite 450
Wichita, Kansas 67206
(316) 262-4000 (p); (316) 265-3819 (f)
randy@depewgillen.com
*Attorneys for Plaintiffs*

Diane S. King
Jennifer Weiser Bezoza
KING & GREISEN, LLP
1670 York Street
Denver, Colorado 80206
(303) 298-9878 (p); (303) 298-9879 (f)
king@kinggreisen.com
bezoza@kinggreisen.com

4

Daniel B. Kohrman
Laurie A. McCann
Dara S. Smith
AARP FOUNDATION LITIGATION
601 E. Street, NW, Room B4-205
Washington, DC 20049
(202) 434-2064 (p); (202) 434-6424 (f)
dkohrman@aarp.org
lmccann@aarp.org
dsmith@aarp.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send email notification of electronic filing to counsel for all parties of record.

*s/ James M. Armstrong*
James M. Armstrong, KS #09271

EXHIBIT 1

# Notice of age discrimination lawsuit against Spirit AeroSystems Holdings, Inc., and Spirit AeroSystems, Inc. ("Spirit"), on behalf of Failure-to-Rehire Collective

*This notice and its contents have been authorized by the United States District Court for the District of Kansas. This is not a solicitation from a lawyer.*

**TO:**   All individuals who were:

**(1)**   terminated from employment with Spirit in Wichita, Kansas on or about July 25, 2013;

**(2)**   40 years of age or older when they were terminated;

**(3)**   skilled and experienced aerospace workers represented by the Society of Professional Engineering Employees in Aerospace ("SPEEA");

**(4)**   solid or better performers for Spirit; and

**(5)**   applied for but were denied reemployment by Spirit despite being qualified for the position(s) for which they applied, AND/OR were deterred from applying for reemployment by what they considered reliable information that caused them to conclude that Spirit would not rehire them or other former employees terminated on or about July 25, 2013;

Together, the "Failure-to-Rehire Collective."

**DATE:**   _____

**RE:**   Age Discrimination in Employment Act ("ADEA") collective action lawsuit against Spirit alleging that Spirit discriminated against older former employees who had been terminated from employment in Wichita, Kansas on or about July 25, 2013, by failing and refusing to rehire them.

*Raymond, et al., v. Spirit AeroSystems Holdings, Inc., et al.*, Case No. 16-cv-01282, pending in the United States District Court for the District of Kansas.

## 1.   Why am I getting this notice?

This notice informs you about a collective action lawsuit against Spirit. The Court has determined that you may be similarly situated to Donetta Raymond and 22 other people who brought this case. The Court has authorized that this notice be sent to you so you can decide whether you want to join the lawsuit.

The Court has not yet ruled on the merits of the lawsuit. The Court has only ruled that you should be notified about certain claims in the lawsuit—the "failure to rehire" claims—so you can

protect your rights from expiring by joining the lawsuit with respect to such claims if you wish to do so.

This Notice is for the sole purpose of determining the identity of those persons who are entitled to and may wish to participate in this lawsuit and any potential judgment or settlement. The Court has expressed no opinion regarding the merits of Plaintiffs' claims or Spirit's defenses, and individual claims may be subject to later dismissal if the Court ultimately finds that the claims lack merit or that they cannot be litigated on a collective basis.

## 2.     *What is this lawsuit about?*

The individuals who brought the lawsuit—the Plaintiffs—allege that Spirit discriminated against them and other 40-or-over, SPEEA-represented, former Wichita Spirit employees, by terminating them on or about July 25, 2013, and, further, by failing and refusing to rehire terminated employees who applied for rehire and were rejected and/or were deterred from reapplying because they knew that Spirit would not rehire them or others like them. Plaintiffs claim that Spirit adopted a discriminatory policy of not rehiring any older workers terminated on or about July 25, 2013. The Plaintiffs seek front- and back-pay, liquidated damages, attorneys' fees, and litigation costs for themselves and all others similarly situated, as well as changes in company policies and practices in the future.

Spirit denies these allegations and says that its layoff and hiring practices are lawful.

## 3.     *How can I join the lawsuit?*

If you meet the description of the "Failure-to-Rehire Collective" as defined on page 1, you may choose to join the lawsuit (called "opting in"). **To opt in, you must submit a Consent to Join form by [date 90 days from date of mailing]. You can submit the Consent to Join form by email to vanwie@kinggreisen.com, by fax to (303) 298-9879, or by mail to Rick VanWie, King & Greisen LLP, 1670 York Street, Denver, CO 80206. To be timely, the form must be postmarked by [90 days from date of mailing]. A Consent to Join form and stamped envelope are enclosed.**

## 4.     *What happens if I join the lawsuit?*

If you file a Consent to Join form, you agree that the Court's orders will apply to you, whether the Plaintiffs win their case or not. If the Plaintiffs win, you will be entitled to a share of the judgment, and you may also benefit from any changes in Spirit's hiring policy. However, joining the lawsuit does not necessarily mean that you will prevail. Spirit intends to defend against the lawsuit and may argue at a later date that your claim should not be joined with the claims of other individuals.

You also agree that you will be represented by the Plaintiffs and their counsel and authorize them to make decisions on your behalf regarding the lawsuit, including any settlement. These

decisions and agreements will then be binding on you, and you may not pursue your own separate lawsuit regarding the same subject matter.  While this case is pending, you may be required to submit documents and written answers to questions and to testify under oath at a deposition or testify under oath in court.

Plaintiffs' attorneys will **not** charge you directly for their work in this case. If the Plaintiffs do not recover any money from Spirit, you will **not** have to pay the attorneys for their work and will **not** have to reimburse the attorneys for expenses advanced on your behalf. If there is a recovery, Plaintiffs' attorneys will receive whatever attorneys' fees (as well as reimbursement for litigation expenses incurred on your behalf) that the Court approves.

5.     *What happens if I don't join the lawsuit?*

If you do not wish to be part of the lawsuit, you do not need to do anything.  If you choose not to join the lawsuit, you will not be affected by any judgment relating to the failure to rehire claims, and you will not be bound by or affected by the result, whether favorable or unfavorable. You may file your own lawsuit to address such claims and select the attorney of your choice at your own expense. You could obtain damages or any other relief only if you began timely independent legal proceedings as required by the Age Discrimination in Employment Act.

6.     *What happens next?*

If you wish to receive further information regarding the lawsuit, such as a copy of the claims originally asserted by the Plaintiffs, you may contact counsel for the Plaintiffs listed below.  If you opt in to the case, you will be represented by Plaintiffs' counsel, and the lawsuit will proceed towards trial, which could take many months or years.

7.     *Your legal representation if you join*

If you choose to join this lawsuit, you will be represented by the Plaintiffs through their attorneys. The attorneys are:

Randall K. Rathbun, KS Bar No. 09765
DEPEW GILLEN RATHBUN & MCINTEER LC
8301 East 21st Street North, Suite 450
Wichita, Kansas 67206
(316) 262-4000 (p); (316) 265-3819 (f)
randy@depewgillen.com
http://www.depewgillen.com/

Diane S. King, CO Bar No. 16925
Jennifer W. Bezoza, CO Bar No. 40662
KING & GREISEN, LLP
1670 York Street
Denver, Colorado 80206

(303) 298-9878 (p); (303) 298-9879 (f)
king@kinggreisen.com
bezoza@kinggreisen.com
https://www.kinggreisen.com/

Daniel B. Kohrman, DC Bar No. 394064
Laurie A. McCann, DC Bar No. 461509
Dara S. Smith, DC Bar No. 1027046
AARP FOUNDATION LITIGATION
601 E. Street, NW, Room B4-205
Washington, DC 20049
(202) 434-2064 (p); (202) 434-6424 (f)
dkohrman@aarp.org
lmccann@aarp.org
dsmith@aarp.org
https://www.aarp.org/aarp-foundation/our-work/legal-advocacy/

Randall K. Rathbun #09765
DEPEW GILLEN RATHBUN & MCINTEER LC
8301 E. 21st Street North, Suite 450
Wichita, KS 67206-2936
Telephone: (316) 262-4000
Fax: (316) 265-3819
Email: Randy@depewgillen.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONETTA RAYMOND, FREDERICK HESTON, JILUN SHA, RANDY WILLIAMS, WILLIAM SCOTT DENNY, DEBRA HATCHER, BRIAN MARKS, RUSSELL BALLARD, GREGORY BUCCHIN, BRUCE ENSOR, FORREST FARIS, CHERYL RENEE GARDNER, CLARK T. HARBAUGH, CRAIG HOOBLER, BRIAN SCOTT JACKSON, WILLIAM KOCH, FRED LONGAN, DAVID B. MILLER, KENNETH L. POOLE, JR., BAHRAM RAHBAR, RUSSELL SPRAGUE, CRAIG TOLSON, ROBERT TROILO and CURTIS J. VINES, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SPIRIT AEROSYSTEMS HOLDINGS, INC. and SPIRIT AEROSYSTEMS, INC., <br><br> Defendants. | Case No. _____ |

## CONSENT TO JOIN FAILURE TO RE-HIRE COLLECTIVE

I hereby give my consent to be a party plaintiff on the failure to re-hire claim(s) in the lawsuit titled *Raymond v. Spirit AeroSystems Holdings, Inc., and Spirit AeroSystems, Inc.* and agree to be bound by any settlement or judgment of the court on that claim(s) in this action. I affirm that:

1. I was terminated from employment on or about July 25, 2013 from Spirit AeroSystems, Inc. ("Spirit").

CONSENT TO JOIN COLLECTIVE ACTION

2. At the time I was terminated, I was 40 years of age or older.

3. I was a skilled and experienced aerospace worker represented by the Society of Professional Engineering Employees in Aerospace ("SPEEA").

4. I was a solid or better performer for Spirit AeroSystems.

5. In addition, one or both of the following statements apply to me:

   **[PLEASE CHECK ANY/ALL BOXES THAT APPLY.]**

   ☐ I applied for but was denied reemployment by Spirit;

   ☐ I was discouraged and/or deterred from applying for reemployment with Spirit by Spirit's actions, and by what I considered reliable information from others about Spirit's actions, which caused me to conclude that Spirit would not rehire me or other former employees terminated in July 2013.

6. I choose to be represented in this matter by the Named Plaintiffs and counsel, Randall K. Rathbun, DEPEW GILLEN RATHBUN & MCINTEER, LLC; Diane S. King, Jennifer W. Bezoza, KING & GREISEN, LLP; and Daniel B. Kohrman, Laurie A. McCann, Dara S. Smith, AARP FOUNDATION LITIGATION.

Name_____

Street Address_____

City, State, & Zip Code_____

Telephone _____

Email_____

Signature_____

Date _____

# EXHIBIT 2

## Script for Plaintiffs' Counsel

"My name is _____. I represent the Plaintiffs in the *Raymond. v. Spirit AeroSystems* case. You previously talked to \_\_\_\_\_ about participation as an Opt-in Plaintiff in the case. I am calling to confirm that you have received the court-authorized Notice and Consent Forms. I am also calling to make sure you are aware that the deadline for opting-in to the failure to rehire collective is \_\_\_\_\_. If you have any questions, you can call any of Plaintiffs' counsel at the phone numbers on the notice."