IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONETTA RAYMOND, *et al.,*

        Plaintiffs,

v.                                                                        Case No. 16-1282-JWB

SPIRIT AEROSYSTEMS HOLDINGS, INC.,
*et al.,*

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiffs' motion to certify the court's Memorandum and Order filed December 17, 2018, for interlocutory appeal. (Doc. 387.) The motion is fully briefed. (Docs. 388, 390, 394-1.[1]) For the reasons state herein, the motion to certify is DENIED.

**I. Background**

Plaintiffs allege that Spirit[2] discriminated against them in violation of the Age Discrimination in Employment Act (ADEA) by terminating their employment in a reduction-in-force (RIF), and by refusing to rehire them for new job openings. Plaintiffs bring both a collective action and individual ADEA claims, and some Plaintiffs also assert claims under the Americans with Disabilities Act (ADA) and/or the Family Medical Leave Act (FMLA).

The parties agreed to conduct the litigation in two phases, with the first phase addressing the validity of ADEA waivers signed by some Plaintiffs at the time of the RIF. (*See* Doc. 153 at

---
[1] The court grants Plaintiff's motion for leave to file a reply (Doc. 394) and considers the attached reply brief (Doc. 394-1) in deciding the instant motion.
[2] The named Defendants are Spirit Aerosystems, Inc. and Spirit Aerosystems Holdings, Inc. They are referred to here collectively as Spirit.

1-2.)  In a Memorandum and Order filed December 17, 2018, the court ruled on the parties' cross-motions for summary judgment relating to the waivers. (Doc. 385.) As to those Plaintiffs who had signed the waivers and conceded they had received a 65-page disclosure list from Spirit pursuant to the Older Workers Benefit Protection Act (OWBPA), the court found the waivers were knowing and voluntary, meaning Spirit was entitled to summary judgment on ADEA claims covered by the waivers. (*Id*. at 38.) The court found a genuine issue of fact remained with respect to eight Plaintiffs who claimed they had not received the 65-page OWBPA disclosure list from Spirit.

Plaintiffs ask the court to certify that order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). They argue the order addressed two issues of controlling law on which there is substantial ground for difference of opinion and as to which an immediate appeal would materially advance the litigation. It identifies the two issue as: 1) the meaning of "eligibility factors" under 29 U.S.C. § 626(f)(1)(H)(i); and 2) whether the "decisional unit" in 29 C.F.R. 1625.22(f)(3)(ii)(D) includes groups of individuals "categorically excluded from the reduction in force…." (Doc. 388 at 6.) Plaintiffs argue there is conflicting case law on the meaning of "eligibility factors," and that the scope of the "decisional unit" presents a novel and debatable legal question. Plaintiffs contend both of these are controlling questions of law because they are determinative of the validity of the waivers. Plaintiffs argue an immediate appeal would further judicial economy and advance the litigation because it would avoid the prospect of duplicative discovery, it would avoid the risk of multiple trials on similar issues, it would clarify OWBPA standards for employers and employees, and it would benefit those Plaintiffs who have serious health conditions or other circumstances that favor a prompt determination of the validity of their waivers. (*Id.* at 15-17.)

**II. Section 1292(b) standards**

The statute governing Plaintiffs' motion provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292(b).

Section 1292(b) gives district courts "first line discretion" to allow interlocutory appeals. *Swint v. Chambers Cty. Comm'n,* 514 U.S. 35, 47 (1995). It allows certification of an order if three elements are met: 1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may advance the ultimate termination of the litigation materially. *Little v. Budd Co.*, No. 16-4170-DDC-KGG, 2018 WL 5084315, at *1 (D. Kan. Oct. 18, 2018) (citing 28 U.S.C. § 1292(b)).

A "question of law" involves the meaning of a statute, constitution, regulation, or common-law doctrine, as opposed to a question of fact. *XTO Energy, Inc. v. ATD, LLC,* 189 F.Supp.3d 1174, 1193 (D. N.M. 2016) (citation omitted). A "controlling" question is one that could materially affect the outcome of the litigation in the district court. *City of Neodesha v. BP Corp. of N. Am. Inc.*, No. 15-4025-KHV, 2016 WL 3522092, *3 (D. Kan. June 28, 2016) (citation omitted). An issue need not be dispositive of the entire action to be controlling. "A controlling question of law would generally constitute reversible error on final appeal if the district court

arrived at the wrong legal conclusion." *XTO Energy*, 189 F. Supp.3d at 1194. As for "substantial ground for difference of opinion," that exists if the ruling

> appears contrary to the rulings of all courts of appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Id.* (citing 2 Fed. Proc., L. Ed. § 3:218). Finally, an immediate appeal may "advance the ultimate termination of the litigation" if it would eliminate the need for a trial, eliminate complex issues so as to simplify the trial, or make discovery easier and less costly. *Id.* (citations omitted). If the litigation will be conducted in substantially the same manner regardless of the decision, an immediate appeal will not advance the termination of the litigation. *Id.* This element turns on pragmatic considerations, assessed by reviewing the procedural and substantive status of the case, the extent of the parties' preparation for trial, and the nature and scope of the requested relief. *Id.* (citing 2 Fed. Proc., L. Ed. § 3:219).

### III. Discussion

Plaintiff seeks certification based on two issues: the meaning of "eligibility factors" and whether the "decisional unit" includes groups of individuals that were categorically excluded from the RIF. As to the latter issue, the court finds the dispute does not qualify as a "question of law" within the meaning of § 1292(b). Rather, it is fact-dependent. Clearly, if a group was *never* considered for inclusion in a termination program, it would not be part of the decisional unit. That legal point was and is undisputed. Here the issue turns on the fact Spirit cited evidence that "it considered whether employees hired after May 20, 2013, would be subject to the layoffs before ultimately concluding that they should be exempt from being selected." (Doc. 385 at 28.) Because Spirit cited evidence that these employees had been actively considered before being eliminated, and Plaintiffs failed to controvert that evidence, the court concluded these employees were part of

the decisional group. (*Id.*) This is not the sort of pure legal question contemplated by § 1292(b). *See McFarlin v. Conseco Svcs., LLC,* 381 F.3d 1251, 1258 (11th Cir. 2004) ("The term 'question of law' does not mean the application of settled law to fact."); *Certain Underwriters at Lloyd's, London v. Nance*, No. 04-937-JB/WDS, 2006 WL 4109675, *3 (D. N.M. Aug. 24, 2006) ("district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation.") It accordingly provides no basis for § 1292(b) certification.

The other question identified by Plaintiffs – i.e., whether "eligibility factors" refers to the factors that make the employee eligible for a severance program or to the reasons the employee was selected for termination - is a pure question of law. But the court finds there is not a "substantial ground for difference of opinion" on this question that would justify an immediate appeal. As the court noted in its prior order, there is no Tenth Circuit authority supporting Plaintiffs' construction of this term. (Doc. 385 at 32.) Nor is there authority from any other circuit court supporting that construction. The OWBPA regulations, meanwhile, provide an illustration of the term that, as this court previously noted, "clearly refutes" Plaintiffs' construction. *Id.* at 31 (citing 29 C.F.R. § 1625.22(f)(4)(vii)(B)). Plaintiffs have cited a few district court opinions from other circuits that reached a contrary conclusion, but as Spirit points out, those decisions are more than ten years old, and more recent decisions have coalesced around a conclusion that "eligibility factors" refers to eligibility for severance or other benefits, not to the reasons the person was chosen for termination. *Id. See Behr v. AADG, Inc.*, No. 14-3075-CJW, 2016 WL 4119692, *14 (N.D. Iowa July 29, 2016) (both the statutory language and the regulations suggest defendant was not required to identify the factors it considered in determining which employees to terminate); *Recchia v. Kellogg Co.*, 951 F.Supp.2d 676, 693 (D. N.J. 2013) (same). The more recent decisions

5

specifically considered the regulatory example that refutes Plaintiff's alternative construction. By contrast, the cases relied on by Plaintiffs, such as *Commonwealth of Mass. v. Bull HN Info. Sys., Inc.*, 143 F.Supp.2d 134 (D. Mass. 2001), did not consider that example and instead summarily adopted a contrary construction. *See id. at* 147, n. 29 (because the purpose of disclosure is to alert employees to potential age discrimination claims, "[c]learly, therefore, the term 'eligibility factors' must refer to the factors used to determine who is subject to a termination program, not the factors used to determine who is eligible for severance pay after termination.") *See also Pagliolo v. Guidant Corp.*, 483 F.Supp.2d 847, 861 (D. Minn. 2007) ("The Court agrees with the *Bull* court….")

In sum, the governing regulation and the more recent and better-reasoned cases both support the construction of "eligibility factors" applied in this case. The court's ruling does not contradict the ruling of any circuit court of appeals. The legal issue itself is novel, in the sense that there is no Tenth Circuit authority on the question, but it is not a difficult or complex issue, and there are persuasive cases that have guided the court's decision. The court sees no substantial basis for doubting the correct legal standard. *See Little,* 2018 WL 5084315, at *2 ("For the court to find a substantial ground for difference of opinion, the court must conclude that the question of law 'is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions.'").

IT IS THEREFORE ORDERED this 30th day of April, 2019, that Plaintiffs' motion for leave to file a reply (Doc. 394) is GRANTED; Plaintiffs' motion to certify order for interlocutory appeal (Doc. 387) is DENIED.

                                          ___s/ John W. Broomes_____
                                          JOHN W. BROOMES
                                          UNITED STATES DISTRICT JUDGE