# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONETTA RAYMOND, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 16-1282-JWB |
| | ) |
| SPIRIT AEROSYSTEMS HOLDINGS, INC. and | ) |
| SPIRIT AEROSYSTEMS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER GRANTING UNOPPOSED ENTRY OF
## FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

**I.      The Legal Standard for Judgement Under Fed. R. Civ. P. 54(b).**

1.      Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b) "Rule 54(b) establishes three prerequisites for appeal of a separate final judgment on fewer than all claims in a lawsuit: (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005).

2.      To be final for purposes of Rule 54(b), there "must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (internal quotation marks omitted). "For purposes of Rule 54(b), a claim comprises 'all factually or legally connected elements of a

case[.]'" *Jordan*, 425 F.3d at 827 (quoting *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242. (10th Cir. 2001). The Tenth Circuit has explained:

> The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal.

*Id.* (quoting Lawyers *Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997)). "To determine whether separate appeals will be redundant, courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id.*

3. Once it is determined that there is a final judgment, "the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright Corp.*, 446 U.S. at 8 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956)). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* This discretion is to be exercised "in the interest of sound judicial administration." *Id.* "[A] district court must take into account judicial administrative interests as well as the equities involved." *Id.*

## II. The Amended Complaint Asserts Multiple Claims, and There Has Been a Final Decision on Multiple Claims.

4. Plaintiffs' First Amended Complaint asserts nine claims for relief. (Am. Compl., ECF No. 522.) The first five claims are asserted collectively pursuant to 29 U.S.C. § 216(b). (*Id.* ¶¶ 161-196.) These claims include: ADEA age discrimination in terminations—disparate treatment (First Claim for Relief); ADEA age discrimination in terminations—disparate impact (Second Claim for Relief); invalid waiver of ADEA claims under the OWBPA amendments to the ADEA (Third Claim for Relief); ADEA age discrimination in rehiring—disparate treatment

(Fourth Claim for Relief); and ADEA age discrimination in rehiring—disparate impact (Fifth Claim for Relief). (*Id.*) In addition to the collective claims, certain Plaintiffs also bring individual claims. (*Id.* ¶¶ 197- 225.) These individual claims include: ADA disability discrimination in terminations (Sixth Claim for Relief); willful violation of the FMLA in retaliatory terminations (Seventh Claim for Relief); ADA disability discrimination in rehiring (Eighth Claim for Relief); willful violation of the FMLA in rehiring (Ninth Claim for Relief). (*Id.*)

5. By Order dated December 17, 2018, the Court granted summary judgment against most Plaintiffs with respect to their allegations of an invalid waiver of ADEA claims under the OWBPA amendments to the ADEA, the Third Claim for Relief. (Order, ECF No. 385.) However, the Court denied summary judgment as to individual Plaintiffs who cited evidence that they did not receive the OWBPA disclosure list at the time of layoff. (*Id.*)

6. By Order dated August 11, 2020, the Court dismissed Plaintiffs' collective action claim for ADEA age discrimination in rehiring—disparate impact, the Fifth Claim for Relief. (Order, ECF No. 553, finally resolving status of Fifth Claim for Relief, which the Court initially addressed in ECF 454, Order dated August 14, 2019.) By the same order, the Court dismissed without prejudice Plaintiffs' collective action "deterred applicant" claims with respect to ADEA age discrimination in rehiring—disparate treatment and ADA disability discrimination in rehiring. (*Id.*) The Court also dismissed the individual claims of several Plaintiffs as either time-barred or for failure to exhaust administrative remedies. (*Id.*)

7. Finally, by Order dated May 16, 2023, the Court granted summary judgment against Plaintiffs on their collective action claims of ADEA age discrimination in terminations—disparate treatment and disparate impact, the First and Second Claims for Relief, and ADEA age discrimination rehiring—disparate treatment, the Fourth Claim for Relief. (Order, ECF No.

3

1115.) By the same order, the Court granted Defendants' Motions to Exclude testimony of two of Plaintiffs' experts, Dr. Kevin E. Cahill and Dr. Toni S. Locklear (*see* ECF 1043, 1036), and granted in part Defendants' Motion to Exclude testimony of Elizabeth Pendo, J.D. (*see* ECF 1037), which testimony Plaintiffs presented in opposition to Defendants' motion for summary judgment on Plaintiffs' First, Second, and Fourth Claims for Relief (*see, e.g.,* ECF 1070, Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment; ECF 1071, Plaintiffs' Sealed Motion for Leave to File Under Seal).

8. Pursuant to Fed. R. Civ. P. 54(b), the Court's Orders are final judgments with respect to Plaintiffs' collective action ADEA age discrimination claims in the First, Second, Third, Fourth, and Fifth Claims for Relief. The remaining individual claims, including the individual ADA and FMLA claims in the Sixth, Seventh, Eighth, and Ninth Claims for Relief turn primarily on different factual questions and different legal issues, and permit separate recovery. Nonetheless, the evidence offered by Plaintiffs as proof of a pattern and practice of discrimination would be admissible in each of the individual cases if this Court had decided that such a pattern and practice existed. If these claims were to give rise to a separate appeal at the end of the case, the court would not have to go over the same ground that it had covered in the first appeal.

### III.    There is No Reason for Delay

9. The Court, in its discretion, determines that there is no just reason for delay in consideration of judicial administrative interests and the equities involved.

10. As outlined above, the Court has now dismissed each of the collective action aspects of this case. Accordingly, only individual claims remain for further disposition. As set forth in the Court's Order (ECF No. 1115) and the Pretrial Order (ECF No. 1034), Plaintiffs

sought trial of their claims in two stages under the framework set forth in *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977). The second stage of Plaintiffs' proposed trial plan sought to decide remedies for the collective ADEA claims, and the merits and remedies of the individual ADA and FMLA claims. (*See* ECF No. 1034 at 46-47.)  Consideration of the individual claims outside of this framework would inevitably result in duplication of effort and a waste of judicial resources. Thus, consideration of judicial administrative interest and the equities demonstrate that any trial of the remaining individual claims would be more efficient following appellate review of Plaintiffs' claims regarding whether Spirit engaged in a pattern or practice of age discrimination. *See Coser v. Moore*, 587 F. Supp. 572, 604–05 (E.D.N.Y. 1983), *aff'd*, 739 F.2d 746 (2d Cir. 1984).

11. Accordingly, the court expressly determines pursuant to FRCP 54(b) that there is no just reason for delay in entering a separate final judgment in favor of Spirit with respect to the collective action claims in the First, Second, Third, Fourth, and Fifth Claims for Relief. The clerk is directed to enter judgment accordingly.

12. Plaintiffs have conferred with counsel for Defendants who state that they do not oppose Plaintiffs' motion for a Rule 54(b) certification, but by not opposing this motion, Defendants do not waive any rights, defenses, or legal arguments on any claims that may proceed on appeal or otherwise.

13. This action, including the remaining individual claims, is hereby STAYED pending the outcoming of Plaintiffs' appeal.

IT IS SO ORDERED this 7th day of June, 2023.

                                                                                                              s/ John W. Broomes
                                                                                                              JOHN W. BROOMES
                                                                                                              UNITED STATES DISTRICT JUDGE